# O'Rear, Treas. *v.* Long, Clerk.

*Mandamus.*

(Decided April 23, 1914.  65 South. 136.)

1. *Clerks; Fees; Subpoenaes.*—Under sections 7881 and 7883, Code 1907, a clerk of the court is not entitled to fees for re-subpoenaing witnesses called by the state in criminal prosecutions, the witnesses having been once subpoenaed and the case continued; the calendar should be reset so as to inform the witnesses when to return.

2. *Witnesses; Fees; Special Action.*—The act creating the law and equity court of Walker county, does not change the rule prescribed by section 7881, Code 1907, as to witnesses continuing to appear after the continuance, and the clerk of that court is not entitled to fees for re-subpoenaing after continuance, witnesses called by the state.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Mandamus by E. W. Long, clerk of the Walker law and equity court, against Caine O'Rear, as county treasurer, to require him to pay certain claims. From a judgment granting mandamus, the treasurer appeals. Reversed and rendered.

The case made by the petition is that the petitioner is ex officio clerk of the Walker law and equity court, and that there was a cause pending in that court styled *State of Alabama v. George W. Ballinger.* The case was first set for trial October 25, 1907, but on that day it was continued, and the court ordered alias subpœnas for witnesses, and reset the case for September 4, 1908. On that day it was called and continued, and an order entered for alias subpœnas for witnesses. The case was set for March 1, 1909, and on that date was continued, and the court ordered alias subpœnas for witnesses, and the case set for trial September 24, 1909. On said date the case was tried, and defendant discharged and acquitted. Subpœnas were issued to 13 witnesses for the

state, on the four separate occasions above mentioned, making 52 subpœnas in all. The third paragraph sets out the two terms of the Walker law and equity court, and alleges that, under the law creating the court, the judge determines when a docket shall be set, and when cases shall be set for trial, and when the jury shall be ordered; that, when a case is continued, it is not passed to any definite or fixed time, but is only set down again when the judge orders juries and fixes a time for the trial of cases.

The fifth paragraph alleges the making out of a properly itemized account, and its verification and presentation of the warrant to the treasurer for payment, and his refusal. The sixth paragraph alleges or sets up that there was sufficient funds in the hands of the treasurer belonging to the county in the particular fund out of which to pay these claims, and mandamus is asked to compel that payment.

J. D. ACUFF, for appellant. The act creating the law and equity court of Walker county, does not change the rule prescribed by § 7881, Code 1907, and it is plain under the provisions of that section and of § 7883, that the clerk is not entitled to fees for subpœnas to witnesses in criminal cases, except on the first issuance thereof, and is not required even to re-issue such subpœna.

BANKHEAD & BANKHEAD, for appellee. Mandamus is the proper remedy.—*Wyker v. Francis*, 120 Ala. 509. The specific charge contended for is authorized by § 3, Acts 1901, p. 107, and by § 6635, Code 1907.

GARDNER, J.—Section 7879 of the Code of 1907 provides for the issuance of subpœnas by the clerk, for the state's witnesses. Section 7881 provides that it shall not be necessary to subpœna such witnesses, except at

the first term, and requires them to attend all subsequent terms under said subpœnas. Not only is this the case, but section 7883 expressly provides that a subpœna shall issue but once, except in the event of a reversal of the case by the Supreme Court; while section 7884 makes another exception in the case of a special term.

It is manifest that the lawmakers intended to obviate the necessary cost of repeated alias subpœnas, and the execution of the same, by the enactment of this statute, knowing that when cases are continued they can be reset in advance, and that the witnesses can, before being discharged, be notified when to return.

There is nothing in the act of 1901 (Acts 1900-01, p. 107) which amends or repeals this wise and salutary statute. Nor does the length of the terms of the law and equity court, or the necessity for sometimes resetting cases, justify or excuse such a frequent issuance of subpœnas as marked this case, the cost of which, together with the cost of the repeated service of same, would be but a useless burden on the fine and forfeiture fund. The calendar of the law and equity court can be so arranged, and the cases be so reset, as to inform the witnesses, upon a temporary discharge, when to return. At any rate, the statute on the subject is plain and unambiguous, and fees cannot be taxed or allowed, unless there is express legislative authority for the performance of the service, as well as for the right to receive compensation for the same.

The circuit court erred in awarding mandamus, and the judgment is reversed; and a judgment will be here rendered denying the petition.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.